TRINETTE G. KENT (State Bar No. 025180)
11811 North Tatum Blvd., Suite 3031
Phoenix, AZ 85028
Telephone: (480) 247-9644
Facsimile: (480) 717-4781
E-mail: tkent@lemberglaw.com

*Of Counsel to*
Lemberg & Associates LLC
A Connecticut Law Firm
1100 Summer Street
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424

Attorneys for Plaintiff,
Zaira Astorga

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Zaira Astorga,<br><br>    Plaintiff,<br><br>  vs.<br><br>Diversified Consultants, Inc.; and DOES 1-10, inclusive,<br><br>    Defendants. | Case No.:<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

For this Complaint, the Plaintiff, Zaira Astorga, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. ("TCPA"), and the invasions of Plaintiff's personal privacy by the Defendants and its agents in their illegal efforts to collect a consumer debt.

2. Original and supplemental jurisdiction exists pursuant to 28 U.S.C. §§ 1331, 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

4. The Plaintiff, Zaira Astorga (hereafter "Plaintiff"), is an adult individual residing in Mesa, Arizona, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. The Defendant, Diversified Consultants, Inc. (hereafter "DCI"), is a Florida company with an address of 10550 Deerwood Park Boulevard, Suite 309, Jacksonville, Florida, 32256-2805, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by DCI and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. DCI at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8. A person other than the Plaintiff (the "Debtor") allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

9. Plaintiff is not the Debtor, has no connection to the Debtor, does not know the Debtor, and has no responsibility whatsoever for repayment of the Debt.

10. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

11. The Debt was purchased, assigned or transferred to DCI for collection, or DCI was employed by the Creditor to collect the Debt.

12. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. DCI Engages in Harassment and Abusive Tactics

13. Within the last four years, DCI contacted Plaintiff in an attempt to collect the Debt by placing multiple calls to Plaintiff's cellular telephone.

3

14. At all times mentioned herein, DCI contacted Plaintiff on her cellular telephone using an automated telephone dialing system ("ATDS") and/or by using artificial or pre-recorded messages.

15. Plaintiff has no prior business relationship with the Creditor or DCI and never provided her express consent to be contacted on her cellular telephone.

16. Upon answering each of DCI's telephone calls, Plaintiff heard a pre-recorded message stating that DCI had an "important message" for a person named R. Sally Montano (the "Debtor").

17. On many occasions, Plaintiff followed DCI's prompt to be removed from its call list.

18. On several occasions during that past four years, Plaintiff also stayed on the line to speak with a live representative from DCI.

19. During these conversations with DCI, Plaintiff informed DCI that she was not the person whom DCI was attempting to contact and that she did not know the person whom DCI was attempting to contact; therefore, Plaintiff requested that DCI cease all calls to her cellular telephone.

20. Additionally, Plaintiff initiated several telephone conversations with DCI during which she again requested DCI to cease all calls to her cellular phone.

21. Despite Plaintiff's repeated and unequivocal requests that the calls cease, DCI continued to hound Plaintiff with telephone calls in its collection efforts.

4

### C. Plaintiff Suffered Actual Damages

22. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

23. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692, et seq.

24. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

25. The Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d.

26. The Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass, in violation of 15 U.S.C. § 1692d(5).

27. The Defendants used unfair and unconscionable means to collect a debt, in violation of 15 U.S.C. § 1692f.

28. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

29. The Plaintiff is entitled to damages as a result of the Defendants' violations.

## COUNT II

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT – 47 U.S.C. § 227, et seq.

30. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

31. At all times mentioned herein, Defendants contacted Plaintiff on her cellular telephone using an automatic telephone dialing system ("ATDS") and/or by using artificial or pre-recorded messages in violation of of 47 U.S.C. § 227(b)(1)(A)(iii).

32. When Plaintiff answered the calls from Defendants, she heard artificial and/or pre-recorded messages.

33. The telephone number called by Defendants was assigned to a cellular telephone service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

34. Plaintiff never provided her cellular telephone number to Defendants or to the Creditor through any medium.

35. Plaintiff never entered into a business relationship with Defendants or with the Creditor.

36. The calls from Defendants to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

37. Plaintiff never provided express consent to Defendants, the Creditor, or its agents to be contacted.

38. Plaintiff is informed and believes and thereon alleges that Defendants did not have prior express consent to place calls to her cellular telephone.

39. If Defendants at one time obtained prior express consent to place calls to Plaintiff's cellular telephone, Defendants no longer had consent to call Plaintiff after being informed by her that the Debtor could not be reached at her number and after being repeatedly instructed by Plaintiff to cease all calls to her.

40. Each of the aforementioned calls made by Defendants constitutes a negligent or intentional violation of the TCPA, including each of the aforementioned provisions of 47 U.S.C. § 227, *et seq.*

41. As a result of each of Defendants' negligent violations of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

42. As a result of each of Defendants' knowing and/or willful violations of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 for each and every violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

7

## COUNT III

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

43. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

44. The Restatement of Torts, Second, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

45. Arizona further recognizes the Plaintiff's right to be free from invasions of privacy, thus Defendant violated Arizona state law.

46. The Defendant intentionally intruded upon Plaintiff's right to privacy by continually harassing the Plaintiff with the above-referenced telephone calls.

47. The telephone calls made by Defendants to the Plaintiff were so persistent and repeated with such frequency as to be considered, "hounding the plaintiff," and, "a substantial burden to her existence," thus satisfying the Restatement of Torts, Second, § 652(b) requirement for an invasion of privacy.

48. The conduct of the Defendants in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

49. As a result of the intrusions and invasions, the Plaintiff is entitled to actual damages in an amount to be determined at trial.

50.     All acts of Defendants and its agents were committed with malice, intent, wantonness, and recklessness, and as such, Defendants are subject to punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays that judgment be entered against the Defendants as follows:

A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;

B. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendants;

C. Costs of litigation and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;

D. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) & (C);

E. Actual damages from the Defendants for all damages, including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and the intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial;

F. Punitive damages; and

G. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

| | | |
|---|---|---|
| 1 | DATED:  April 12, 2013 | LEMBERG & ASSOCIATES, LLC |

By: __/s/  *Trinette G. Kent*__
Trinette G. Kent

Attorney for Plaintiff,
Zaira Astorga